UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TERRENCE MILLER,                      :
                                      :
                    Plaintiff,        :
                                      :
          -against-                   :
                                      :
                                      :
JOHN/JANE DOES, DEPARTMENT OF         :
CORRECTION OFFICERS                   :
                                      :
                    Defendant.        :
------------------------------------X

```
┌─────────────────────────────┐
│ USD( SI…                     │
│ D… …                         │
│ E… … …  … …  FILED           │
│ (… …                         │
│ DATE FILED  12/1/10          │
└─────────────────────────────┘
```

10 Civ. 4603 (PAC)(THK)

**REPORT AND RECOMMENDATION**

**(Pro Se)**

TO: HON. PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE.
FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that at various times and in different facilities maintained by the New York City Department of Correction, he was sexually assaulted on numerous occasions by unnamed individuals.

The allegations in Plaintiff's Complaint do not meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, the Complaint's allegations against unnamed correction officers are so vague as to make it impossible to either identify the Doe Defendants or allow them to respond to the Complaint. See Fed. R. Civ. P. 12(e).

On July 1, 2010, this Court ordered Plaintiff to file an amended complaint meeting the requirements of the Federal Rules of

COPIES MAILED
TO COUNSEL OF RECORD ON   12/1/10

Civil Procedure, and stayed all proceedings for 60 days or until Plaintiff complied with the Court's order.   The Court's July 1, 2010 order indicated that should Plaintiff fail to comply within the time allowed, that the Court would recommend that the action be dismissed.   (<u>See</u> attached Order.)

On July 29, 2010, Plaintiff submitted a letter to the Court in which he stated that he had been unable to work on his case because, in the course of his transfers to various prisons, his legal papers had been taken from him.   He also claimed that he was beaten, and that he did not receive the Court's July 1st order, because prison officials removed it and gave him only the empty envelope.   Accordingly, by Order dated August 12, 2010, the Court again instructed Plaintiff to file an amended complaint, and extended the deadline for Plaintiff's compliance to October 15, 2010.   Along with the Order, the Court provided Plaintiff with copies of the July 1st Order, Plaintiff's initial complaint, a blank complaint form, and contact information for both the Court's Pro Se Office and the Prisoners' Rights Project of the Legal Aid Society.   The Court again advised Plaintiff that failure to comply within the time allowed would result in a recommendation that the action be dismissed.   (<u>See</u> attached Order.)

As of this date, the docket sheet reflects that Plaintiff has not filed an Amended Complaint.   Accordingly, this Court now

recommends that the action be dismissed without prejudice.  See Fed. R. Civ. P. 4(m).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Hon. Paul A. Crotty, U.S.D.J., and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

_____
Theodore H. Katz
United States Magistrate Judge

Dated:     November 30, 2010
           New York, New York

3

Copies mailed this date:

Terrance Miller
10-A-2473
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

4

Case 1:10-cv-04603-PAC-THK   Document 4   Filed 07/02/10   Page 1 of 6

```
                                    ┌─────────────────────────────┐
                                    │ USIN SDNY                   │
                                    │ DOCUMENT                    │
                                    │ ELECTRONICALLY FILED        │
                                    │ DOC #: _____            │
                                    │ DATE FILED: 7/2/10          │
                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
TERRENCE MILLER,                              :
                                              :
                                              :  10 Civ. 4603 (PAC)(THK)
                              Plaintiff,       :
                                              :
            -against-                         :        **ORDER**
                                              :
JOHN/JANE DOES, DEPARTMENT OF                 :
CORRECTION OFFICERS,                          :
                                              :
                              Defendants.      :
                                              :
-------------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff, proceeding pro se, brings this action pursuant to
42 U.S.C. § 1983, alleging that at various times and in different
facilities maintained by the New York City Department of
Correction, he was sexually assaulted by unnamed inmates.

The allegations in the Complaint do not meet the pleading
requirements of Federal Rule of Civil Procedure 8(a)(2), which
requires a pleading to contain "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Moreover,
the Complaint's allegations against unnamed correction officers are
so vague as to make it impossible to either identify the Doe
Defendants or allow them to file a response. See Fed. R. Civ. P.
12(e).

Construed liberally, the Complaint asserts a claim for failure
to protect Plaintiff from harm.  However, other than the
implausible allegation that he was assaulted "about every single
night from the 9th of February 2010 to April 30, 2010," while in

COPIES MAILED
TO COUNSEL OF RECORD ON 7/2/10

his cell at four different institutions, the Complaint fails to identify when and in what locations the alleged assaults on Plaintiff occurred, whether any specific correction officers failed in their duty to protect Plaintiff, and how they did so.  Nor does the Complaint allow for the possibility of identifying such information.   For example, Plaintiff contends that he was incarcerated in the Tombs, from February 2-14, 2010; in RNDC from February 21-March 25, 2010; in N.I.C. from March 25-April 7, 2010; in RNDC from April 7-9, 2010; and in GMDC from April 9-30, 2010. As for the attacks in the Tombs, Plaintiff fails to identify the dates or locations of any such assaults; he claims that he was asleep when some of the assault(s) occurred; and he does not allege any failure on any particular Defendant's part that could state a claim for Section 1983 liability.   While at RNDC, Plaintiff contends that "the sexual assaults continued in the same form for the time [he] was there," and he contends that nothing changed at N.I.C. and GMDC.  Again, Plaintiff fails to specify the dates of any assaults or the identities of any correction officers who may have failed to provide assistance to him.

The unnamed Defendants are therefore confronted with vague allegations of assaults over a three-month period in four different institutions, with no specific allegation of wrongdoing by any Defendant.

The Complaint fails to satisfy Rule 8, makes it virtually

2

impossible to identify the unnamed Defendants, and precludes the possibility of a meaningful Answer by any Defendant.   Under these circumstances, this action cannot proceed.   **However, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this Order.   If Plaintiff chooses to file an amended complaint, he must provide sufficient information such as the dates and locations of his alleged assaults, what wrongdoing any Defendant is alleged to have committed, and sufficient details to identify the unnamed Defendants, such as their locations and posts. Any amended complaint will completely replace the original Complaint.**   Once submitted, the amended complaint will be reviewed for substantive sufficiency and, if it is sufficient, an amended summons will then issue.   Procedural assistance is available from the Court's Pro Se Office.

All further proceedings will be stayed for 60 days or until Plaintiff has complied with this Order.   If Plaintiff fails to comply within the time allowed, this Court shall recommend that this action be dismissed.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:  July 1, 2010
        New York, New York

3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED    8/13/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
TERRENCE MILLER,                              :
                                             :
                                             : 10 Civ. 4603 (PAC)(THK)
                          Plaintiff,          :
                                             :
         -against-                            :          **ORDER**
                                             :
JOHN/JANE DOES, DEPARTMENT OF                 :
CORRECTION OFFICERS,                          :
                                             :
                          Defendants.         :
                                             :
------------------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff, proceeding pro se, brings this action pursuant to

42 U.S.C. § 1983, alleging that at various times and in different

facilities maintained by the New York City Department of

Correction, he was sexually assaulted by unnamed inmates.

On July 29th, 2010, Plaintiff submitted a letter to the Court

in which he states that he had been unable to work on his case,

because, in the course of his transfers to various prisons, his

legal papers had been taken from him.  He also claims that he was

beaten, and that he did not receive this Court's July 1st Order,

because prison officials removed it and gave him only the empty

envelope.

The Court has attached copies of the July 1st Order,

Plaintiff's initial Complaint, and a blank complaint form to this

Order.  However, Plaintiff should be aware that, at this time, he

is only required to submit an amended complaint that describes his

claims in enough detail to satisfy the requirements of Rule 8 of

COPIES MAILED          8/13/10

the Federal Rules of Civil Procedure. He is not required to submit any other documents. Therefore, he does not need to wait for the return of his legal papers before filing his amended complaint.

If Plaintiff needs assistance with his amended complaint, he should consult a legal assistant at the prison law library, or contact the Court's Pro Se Office. The Pro Se office can be contacted by telephone at (212)805-0175 during normal business hours; or by mail at:

> United States District Court of the Southern
> District of New York
> Pro Se Office
> Daniel Patrick Moynihan United States
> Courthouse
> 500 Pearl Street, Room 230
> New York, New York 10007

For assistance with his ongoing problems, Plaintiff may wish to contact a legal services organization. One such organization is the Prisoners' Rights Project of the Legal Aid Society. They can be contacted by telephone at (212)577-3530; or by mail at:

> Prisoners' Rights Project
> The Legal Aid Society
> 199 Water Street
> New York, NY 10038

In light of Plaintiff's difficulties obtaining his legal papers and preparing documents for this case, the Court will extend the deadline for filing his amended complaint. Therefore, it is hereby ORDERED:

1. If Plaintiff wishes to continue with this action, he must

2

file an amended complaint by no later than October 15th, 2010. **The amended complaint must provide a sufficient description of Plaintiff's claims, such as the dates and locations of his alleged assaults, what wrongdoing any Defendant is alleged to have committed, and sufficient details to identify the unnamed Defendants, such as their locations and posts. Any amended complaint will completely replace the original Complaint.**

2. Once submitted, the amended complaint will be reviewed for substantive sufficiency and, if it is sufficient, an amended summons will then issue.

3. All further proceedings will be stayed until October 15th, 2010.

4. If Plaintiff fails to comply within the time allowed, this Court shall recommend that this action be dismissed.

So Ordered.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2010
New York, New York

3