UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TERRENCE MILLER,                                  :

                                               :

       Plaintiff,

                                               :         10 Civ. 4603 (PAC) (THK)

  - against -

                                               :         ORDER ADOPTING R&R

JOHN/JANE DOES, DEPARMENT OF
CORRECTION OFFICERS,                              :

       Defendant.                                :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 7, 2011_____

HONORABLE PAUL A. CROTTY, United States District Judge:

      On June 14, 2010, *pro se* Plaintiff Terrence Miller ("Miller") filed this action pursuant to 42 U.S.C. § 1983, alleging that at various times he was sexually assaulted by unnamed individuals in different facilities maintained by the New York City Department of Correction. On July 1, 2010, after determining that the allegations in Miller's Complaint were too vague to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), Magistrate Judge Katz ordered Miller to file an amended complaint. In addition, Magistrate Judge Katz found that the "Complaint's allegations against unnamed correction officers are so vague as to make it impossible to either identify the Doe Defendants or allow them to respond to the Complaint." (July 10, 2010 Order 1 (citing Fed. R. Civ. P. 12(e)).) The July 1, 2010 Order stayed all proceedings for 60 days or until Miller complied with the Order. Magistrate Judge Katz indicated that the Court would recommend the action be dismissed if Miller failed to comply.

      On July 29, 2010, Miller submitted a letter to the Court in which he stated that he had been unable to work on his case because his legal papers had been taken from him, that he had been beaten,

and that he did not receive the July 1, 2010 order because prison officials had removed it from the envelope in which it was sent. On August 12, 2010, Magistrate Judge Katz issued another Order instructing Miller to file an amended complaint and extending the deadline for compliance to October 15, 2010. The Court again warned Miller that failure to comply within the allotted time would result in a recommendation of dismissal. The Court also provided Miller with copies of the July 1, 2010 Order, the initial complaint, a blank complaint form, and contact information for the Court's Pro Se Office and the Prisoners' Rights Project of the Legal Aid Society.

To date, Miller has not filed an amended complaint. On December 12, 2010, Magistrate Judge Katz issued a Report and Recommendation ("R&R"), recommending that the action be dismissed without prejudice. Miller has not filed any objections. He has, however, submitted letters to the Court, dated January 21, 2011 and March 6, 2011, stating that he has been trying to obtain a Temporary Restraining Order, that he has "tried calling numerous times" with no answer, that he has been moved, and that he has been beaten and abused. Miller's letter does not acknowledge the December 12, 2010 Report and Recommendation, nor raise any objections to it.

In reviewing a report and recommendation, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

After reviewing the record, the Court finds that Magistrate Judge Katz's report and recommendation is not clearly erroneous. While a *pro se* litigant's complaint should be construed liberally, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), because the Complaint's allegations against unnamed correction officers are so vague as to make it impossible to

either identify the Doe Defendants or allow them to respond to the Complaint, the Complaint does not meet the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(e). As Magistrate Judge Katz pointed out in his July 10, 2010 Order, "the Complaint fails to identify when and in what locations the alleged assaults on Plaintiff occurred, whether any specific correction officers failed in their duty to protect Plaintiff, and how they did so . . . Nor does the Complaint allow for the possibility of identifying such information." (July 10, 2010 Order 1-2.) Despite being ordered twice to do so, Miller has not filed an amended complaint. Accordingly, the Court adopts Magistrate Judge Katz's Report and Recommendation in its entirety.

## CONCLUSION

Finding no clear error in Magistrate Judge Katz's analysis, the Court adopts Magistrate Judge Katz's R&R in its entirety. Miller's complaint is, therefore, dismissed without prejudice. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
April 7, 2011

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Terrence Miller
10-A-2473
Wende Correctional Facility
Wende Rd., P.O. Box 1187
Alden, New York 14004-1187

3